LLEWELLYN JAMES

*v.*

T. OWEN ALLER et al.

[Filed May 20th, 1904.]

1. Where a father gave his daughter money to be held in trust and invested by her, and she and her husband purchased a farm in the name of her husband, with the intention of investing the fund, the husband knowing that the money was in his wife's hands for that purpose, the farm, while still in the name of the husband, is subject to a lien in favor of the father for the amount of the fund.

2. Where a daughter was trustee of money of her father, with direction to invest it, and she did invest it, in good faith, in a farm purchased in the name of her husband, the father knowing of and being satisfied with the investment, she is not personally liable in a suit to enforce the trust, the farm not having passed beyond the reach of the father as *cestui que trust*.

On application to settle decree.

EMERY, V. C.

The fund, which has been declared to have been a trust fund, was actually invested in the purchase of the farm of the defendant T. Owen Aller, and with the intention of making an investment of this fund, put in Mrs. Aller's hands for that purpose, as her husband knew. It was not intended to be lent to Mr. Aller simply on his personal security. As between *cestui que trust* and trustee and all persons claiming under the trustee otherwise than by purchase for valuable consideration without notice, all property belonging to the trust, however changed or altered, continues to be subject to or affected by the trust. *Bohle* v. *Hasselbroch, 19 Dick. Ch. Rep. 334, 336; Perry Trusts* § *828,* &c. The amount found to be due must therefore be declared to be a lien or charge upon the farm, and complainant is entitled also to a decree against the defendant T.

Owen Aller for the payment of the amount found due, such payments to be credited as payments upon the notes of Aller held by the defendants Mrs. Aller and Margaret James as evidences of indebtedness for the trust funds invested in the farm.   There will be no decree for personal liability for the loan against Mrs. Aller or any other of the daughters.   The evidence shows that ·the father knew the money given to Mrs. Aller for investment had been invested in the Aller farm, and that he was satisfied with the investment.   It was made in good faith by Mrs. Aller and she is not to be held personally responsible.   The decree in this case can go no further than this settlement of the complainant's right to follow the trust fund and cannot extend to the settlement as between the defendants Mrs. Aller and Margaret and the other defendants of their rights as against each other, arising out of the payment alleged to have been made by them to Mrs. Hoffman and Mrs. Johnson for their share of the trust fund, and the decree will be declared not to affect such rights.

Complainant is entitled to costs.